TERRY A. WILLS, ESQ. (SBN 133962)
IAN B. SANGSTER, ESQ. (SBN 287963)
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227
Email: twills@cookbrown.com
        isangster@cookbrown.com

Attorneys for Defendant BOARD OF TRUSTEES OF
THE CALIFORNIA STATE UNIVERSITY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE CALMELET,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; DAVID M. HASSENZAHL, Personally and in his Official Capacity as Dean of the College of Natural Sciences at California State University Chico; RICHARD L. FORD, Personally and in his Official Capacity of Department Chair of the Department of Mathematics and Statistics at California State University, Chico, and DEBRA S. LARSON, Personally and in his Official Capacity as Provost of California State University, Chico,<br><br>Defendants. | Case No.  2:19-CV-02537-MCE-DMC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:    December 17, 2019<br>FAC Filed:       March 16, 2020 |

Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

("Defendant") answers the First Amended Complaint ("Complaint") filed by Plaintiff

COLETTE CALMELET ("Plaintiff") as follows:

## PARTIES

1.      As to paragraph 1 of the Complaint, on information and belief, Defendant

admits the allegations contained therein.

2.     As to paragraph 2 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

3.     As to paragraph 3 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

4.     As to paragraph 4 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

5.     As to paragraph 5 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

## JURISDICTION AND VENUE

6.     As to paragraph 6 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

7.     As to paragraph 7 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

8.     As to paragraph 8 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

## FACTS

9.     As to paragraph 9 of the Complaint, on information and belief, Defendant admits the allegations contained therein.

10.    As to paragraph 10 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

11.    As to paragraph 11 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

12.    As to paragraph 12 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

13.    As to paragraph 13 of the Complaint, on information and belief, Defendant admits that Dr. Calmelet accepted a position as an Assistant professor in CSU Chico's

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC
Answer to FAC

Department of Mathematics and Statistics.  Except as otherwise admitted, Defendant denies each and every allegation contained in paragraph 13.

14.     As to paragraph 14 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

15.     As to paragraph 15 of the Complaint, Defendant denies the allegation that Dr. Haws was frequently rude, dismissiveness, or made racial remarks in December 2007. Defendant lacks knowledge or information to enable it to either admit or deny the remaining allegations, and on that basis denies them.

16.     As to paragraph 16 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

17.     As to paragraph 17 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

18.     As to paragraph 18 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

19.     As to paragraph 19 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegation that Dr. Calmelet is the only member of the department who is black, and on that basis Defendant denies this allegation.  Defendant denies the remaining allegations contained in paragraph 19.

20.     As to paragraph 20 of the Complaint, and on information and belief, Defendant admits that Dr. Calmelet filed a Grievance in 2013 complaining of unequal and prejudicial treatment by Dr. Ford including discrimination based on her race.  Defendant denies the remaining allegations contained in paragraph 20.

21.     As to paragraph 21 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

22.     As to paragraph 22 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

23.     As to paragraph 23 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

24.     As to paragraph 24 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

25.     As to paragraph 25 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

26.     As to paragraph 26 of the Complaint, on information and belief, Defendant admits that Dr. Calmelet wrote a Minority Report.  Defendant denies the remaining allegations contained in therein.

27.     As to paragraph 27 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

28.     As to paragraph 28 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

29.     As to paragraph 29 of the Complaint, on information and belief, Defendant admits the allegation that Dean Hassenzahl and Dr. Ford met with Dr. Calmelet in person on February 7, 2018.  Defendant denies the remaining allegations contained in therein.

30.     As to paragraph 30 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

31.     As to paragraph 31 of the Complaint, on information and belief, Defendant admits the allegation that Dr. Calmelet was suspended from participating on the Personnel Committee.  Defendant denies the remaining allegations contained therein.

32.     As to paragraph 32 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

33.     As to paragraph 33 of the Complaint, on information and belief, Defendant admits the allegation Dean Hassenzahl and Dr. Ford met with members of the Department Personnel Committee.  Defendant denies the remaining allegations contained therein.

34.     As to paragraph 34 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

35.     As to paragraph 35 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

36.     As to paragraph 36 of the Complaint, on information and belief, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

37.     As to paragraph 37 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

38.     As to paragraph 38 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

39.     As to paragraph 39 of the Complaint, on information and belief, Defendant admits the allegation that Dr. Calmelet had applied for a Promotion.  Defendant denies the remaining allegations contained therein.

40.     As to paragraph 40 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

41.     As to paragraph 41 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

42.     As to paragraph 42 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

43.     As to paragraph 43 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

44.     As to paragraph 44 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

45.     As to paragraph 45 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

46.     As to paragraph 46 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

47.     As to paragraph 47 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

48.     As to paragraph 48 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

49.     As to paragraph 49 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

50.     As to paragraph 50 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

51.     As to paragraph 51 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

52.     As to paragraph 52 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

53.     As to paragraph 53 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

54.     As to paragraph 54 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

**COUNT ONE: DISCRIMINATION ON THE BASIS OF RACE**

**(AS TO Defendant Board of Trustees of the California State University)**

55.     As to paragraph 55 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 54 herein.

56.     As to paragraph 56 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

57.     As to paragraph 57 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

58.     As to paragraph 58 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

59.     As to paragraph 59 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

60.     As to paragraph 60 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

61.     As to paragraph 61 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

62.     As to paragraph 62 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

63.     As to paragraph 63 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

64.     As to paragraph 64 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

**COUNT TWO: RETALIATION FOR THE EXERCISE OF ACADEMIC FREEDOM**

**(AS TO Defendants Dean Hassenzahl, Dr. Ford and Provost Larson)**

65.     As to paragraph 65 through 73 of the Complaint, Count Two is dismissed thereby eliminating the need to respond to these allegations.

**COUNT THREE: RETALIATION FOR A COMPLAINT OF RACIAL**

**DISCRIMINATION MADE TO THE UNITED STATES EQUAL OPPORTUNITY**

**COMMISSION**

**(as to Defendant Board of Trustees of the California State University)**

74.     As to paragraph 74 of the Complaint, Defendant incorporates by reference its responses to paragraphs 9 through 64 herein.

75.     As to paragraph 75 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegations in this paragraph, and on that basis denies them.

76.     As to paragraph 76 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

77.     As to paragraph 77 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

78.     As to paragraph 78 of the Complaint, on information and belief, Defendant admits the allegation that in June 2019 Dr. Calmelet was denied promotion to Full Professor.  Defendant denies the remaining allegations contained therein.

79.     As to paragraph 79 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegation that Dr. Hassenzahl recommended denial of Plaintiff's application for Promotion, and on that basis denies the allegation. Defendant denies the remaining allegations contained therein.

80.     As to paragraph 80 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

81.     As to paragraph 81 of the Complaint, Defendant lacks knowledge or information to enable it to either admit or deny the allegation in this paragraph, and on that basis denies them.

82.     As to paragraph 82 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

83.     As to paragraph 83 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

84.     As to paragraph 84 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

85.     As to paragraph 85 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

86.     As to paragraph 86 of the Complaint, on information and belief, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     As a first separate and affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

## SECOND AFFIRMATIVE DEFENSE

2.      As a second separate and affirmative defense to the Complaint, Defendant alleges that the Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      As a third separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth separate and affirmative defense to the Complaint, Defendant alleges that the equitable doctrines of laches, estoppel, waiver, and unclean hands prevent Plaintiff from pursuing this matter as she delayed in filing this instant lawsuit and delayed in complaining about her claims.

## FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth separate and affirmative defense to the Complaint, Defendant asserts that it is not responsible for any alleged damages to Plaintiff due to her failure to minimize, mitigate, and/or eliminate her damages.

## SIXTH AFFIRMATIVE DEFENSE

6.      As a sixth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's causes of action are completely or partially barred because all actions and conduct by Defendant and its agents or employees were justified and subject to immunities, including but not limited to the immunities arising under the United States Constitution, federal law, the California Constitution, and California law, including, but not limited to, immunities arising under the Eleventh Amendment of the United States Constitution and qualified immunity.

///

///

///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

### SEVENTH AFFIRMATIVE DEFENSE

7.     As a seventh separate and affirmative defense to the Complaint, Defendant alleges that at all times relevant to the Complaint it acted in good faith with respect to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

8.     As an eighth separate and affirmative defense to the Complaint, Defendant contends Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

### NINTH AFFIRMATIVE DEFENSE

9.     As a ninth separate and affirmative defense to the Complaint, Defendant alleges that none of Defendant's decisions or actions were arbitrary and/or capricious and/or in bad faith.  Instead, they were founded on a rational basis, founded on reason and fact.

### TENTH AFFIRMATIVE DEFENSE

10.     As a tenth separate and affirmative defense to the Complaint, Defendant alleges that Defendant cannot be found to have retaliated against Plaintiff because it had effective policies in place and took prompt, non-discriminatory and effective action in investigating any concerns raised by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh separate and affirmative defense to the Complaint, Defendant alleges that it had legitimate, non-discriminatory reasons for the actions alleged therein, and Defendant's decision, actions, and/or omissions were made within the proper scope of its authority and through the exercise of legitimate managerial discretion.

### TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth separate and affirmative defense to the Complaint, Defendant alleges that Defendant cannot be found to have retaliated against Plaintiff as she never voiced any complaint to Defendant regarding any workplace discrimination.

///

///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth separate and affirmative defense to the Complaint, Defendant alleges that the Complaint is barred to the extent that Plaintiff consented to the conduct about which she now complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth separate and affirmative defense to the Complaint, Defendant alleges Plaintiff's claims are barred to the extent she has breached her own duties owed to Defendant and that the doctrine of comparative fault would reduce Plaintiff's award, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a fifteenth separate and affirmative defense to the Complaint, Defendant alleges Plaintiff's claims are barred in that the incidents alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and Defendant's liability, if any, should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a sixteenth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff brought this action maliciously and with the sole intent to vex or harass Defendant, entitling Defendant to an award of attorney's fees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a seventeenth separate and affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action thereof fails to state facts sufficient to constitute a claim for which attorneys' fees and/or costs may be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As an eighteenth separate and affirmative defense to the Complaint, Defendant allege that this court lacks exclusive jurisdiction for all of Plaintiff's claims as set forth under the Higher Education Employer-Employee Relations Act (Cal. Gov't Code § 3560 et seq.).

///

Answer to FAC

## NINETEENTH AFFIRMATIVE DEFENSE

19.     As an nineteenth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has no right to demand a judgment requesting punitive damages and that said demand is not supported by the allegations in the Complaint, and that punitive damages are unconstitutional under Article VII, Amendment VIII of the U.S. Constitution and Article I, Section XVII of the California Constitution, and therefore may not be recovered in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As a twentieth separate and affirmative defense to the Complaint, Defendant alleges Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a twenty-first separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has not been excluded from the participation in, denied the benefits of, or been subjected to discrimination under any program or activity of Defendant receiving Federal financial assistance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     As a twenty-second separate and affirmative defense to the Complaint, Defendant alleges that it is relieved of any liability whatsoever as to Plaintiff's claims for damages to the extent Plaintiff seeks redress for physical and emotional injuries arising from pre-existing physical or mental conditions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24.     As a twenty-third separate and affirmative defense to the Complaint, Defendant alleges that it has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, Defendant prays for judgment as follows:

1.   Plaintiff takes nothing by this action;

2.   The Complaint be dismissed with prejudice in its entirety;

3.   Judgment be entered in favor of Defendant and against Plaintiff;

4.   Defendant be awarded its reasonable fees and costs; and

5.   For such other and further relief as the court may deem just and proper.

DATED:  November 5, 2020

COOK BROWN, LLP
TERRY A. WILLS, ESQ.
IAN B. SANGSTER, ESQ.


By: _____
Attorneys for Defendant BOARD OF
TRUSTEES OF THE CALIFORNIA
STATE UNIVERSITY

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
Case No. 2:19-CV-02537-MCE-DMC

Answer to FAC